The People of the  State of New  York, Plaintiff,
*v.* James P. Cassidy, Defendant.

(Supreme Court, Bronx Special Term for Motions, December, 1920.)

New trial — homicide — defense of irresponsibility must be inter-
    posed at trial.

> The defense of irresponsibility to a charge of homicide must
> be interposed at the trial, and like other defenses, it is con-
> cluded by the result of the trial, whether interposed or not.
> (P. 678.)
> The statute that permits the granting of a new trial for newly
> discovered evidence applies to the defense of insanity.   (Id.)
> After the affirmance of a judgment of conviction in a capital
> case, a motion to set aside the judgment and for a new trial
> upon the ground that since his conviction it has been discovered
> that the defendant, at the time of the commission of the homi-
> cide, was of such weak mentality as not to be able to appreciate
> the significance of his acts, a condition it was claimed existed
> throughout his life, will be denied on the ground that the ends
> of justice would be defeated if the motion were granted.

· MOTION to set aside verdict and for a new trial.

Thomas J. O'Neill and James J. Barry, for motion.

— Francis Martin, district attorney, Charles B. McLaughlin, assistant district attorney, opposed.

TIERNEY, J.   The defendant is a man of twenty-eight years of age.   About two years ago he took part in the killing of a man for purposes of plunder.   Upon the trial it was shown that he had taken an active part in planning and carrying out the commission of the crime.   He was defended by counsel employed for that purpose, and after a trial lasting several days was found guilty of murder in the first degree.   This was in January, 1919.   An appeal was taken to the Court of Appeals, which affirmed the judgment of conviction.   An application is now made to have the judgment set aside and a new trial granted upon the ground that it has been discovered since his conviction that he was, at the time of the commission of the homicide, a person of such weak mentality as not to be able to appreciate the significance of his acts.   The defendant was not a stranger to the community where the crime was committed and where he was tried.   He was born in this city and, while a part of his early life was spent elsewhere, he had lived and worked here for many years before his conviction.   If he were mentally as defective as he is now argued to have been, it is conceivable that he might not personally have been aware of his condition, but it is not conceivable that such a condition would not have been apparent to his family and to the persons with whom he was brought into contact of daily association, or to his counsel, who prepared and tried his case.   The new fact which is claimed to have been discovered since his conviction, and for which another trial is asked, is the state of

his mind at the time of the commission of the homicide. This is not a condition of temporary aberration, but something that it is claimed had its existence throughout his life. It is something that could not be known any better now, or since the time of the trial, than it was then, and must have been at all times before. It is not of such character that it could be overlooked or forgotten or unobserved. The law permits the defense of irresponsibility for an act if the defendant was laboring under such a defect of reason as not to know the nature and quality of the act, or that it was wrong. This is a defense that is intended to be interposed upon the trial. Like other defenses, it is concluded by the result of the trial, whether it be interposed or not. Defendants are not permitted to have separate trials of their several defenses. It is obvious that it was never intended that a defendant might find out how he could get along without the defense of insanity, which carries its inconvenience with it, and if unsuccessful have a new chance by standing on that defense. The statute that permits a new trial to be granted for newly discovered evidence is to be applied to the defense of insanity as to all other defenses, and an application on this ground must meet the same requirements as an application upon any other ground of defense. It seems clear that the grounds upon which this present application is made do not meet those requirements. There is no evidence that has been discovered since the trial or which was not known and could not have been produced upon the trial. The opinions of physicians based upon the facts that existed at and before the trial cannot be regarded as in any sense newly discovered evidence. In a case where a human life is involved the court is prompted to give to the statute and the rules of law their most liberal construction that a substantial injustice may not be

done under reasoning that may be technically correct. I have carefully considered the merits of this application, apart from any technical objection, and am convinced that this judgment of conviction is proper now as it was when it was rendered, and that the ends of justice would be defeated by an interference by this court.

The motion to set aside the verdict and grant a new trial is denied.

Motion denied.